### STEVENS v. PONDER et al.

No. 22257.   Sept. 25, 1934.

Rehearing Denied Dec. 18, 1934.

Application for Leave to File Second Petition for Rehearing Denied Feb. 12, 1935.

W. B. Garrett, for plaintiff in error.

W. C. Austin and W. M. Williams, for defendants in error.

PER CURIAM. This suit was instituted in the district court of Greer county by the plaintiff, F. L. Stevens, against W. P. Ponder and Revis C. Ponder, doing business as Ponder Motor Company, upon a series of notes executed on the 24th day of August, 1926, aggregating the sum of $685, with interest and attorney's fee. These notes were executed as a purchase price of radios sold to them by the Brenard Manufacturing Company; that after the radios were purchased they were shipped to Mangum, Okla., and arrived there by express, and some controversy arose over the express charges, which was agreeably adjusted; that the radios arrived sometime during the month of September, and on December 6, 1926, the Ponder Motor Company wrote a letter to the Brenard Manufacturing Company that if they could have received the radios 60 days ago, they could have sold them, but that this late in the season and the price of crops so low they felt it would be useless to take on the proposition; that thereafter, without inspecting the radios, the express company was directed by the Ponder Motor Company to ship the radios back to the manufacturing company, and this closed the transaction so far as the Ponder Motor Company was concerned; hence, this suit.

The defendants in their answer pleaded that the notes are without consideration; that the radios shipped them were worthless and of no value, and offered proof at the trial that other radios shipped to other parties in different parts of the state were no good, and the court upon this testimony submitted the question to the jury, and the jury found for the defendants, hence, this appeal; and the plaintiff contends that the trial court should be directed by this court to enter a verdict for the plaintiff in this case.

The undisputed facts reveal that the

Ponder Motor Company had full knowledge that these radios were in the express office, and negotiated a settlement of the express charges for several weeks with the Brenard Manufacturing Company, and then on December 6th, wrote a letter advising that they could not accept the radios for the reason that the fall season had passed, and the crops were too bad in that part of the country to handle the radios, and that it was impossible to sell them.

The record in this case affirmatively shows that the Ponder Motor Company is composed of W. P. Ponder and Revis C. Ponder, and at no time were the radios so ordered by them ever opened, examined or tested, and then when the suit was instituted they pleaded a failure of consideration of the notes sued on, in that the radios were worthless and did not come up to the specifications and representations as to the quality represented by the agent of the company, and the only proof offered in this case to show that the radios which the Brenard Manufacturing Company sold the Ponder Motor Company were worthless by comparison, that is, that purchasers in other towns had purchased radios from the same company and testified they were worthless. Under the record in this case, if such testimony is admissible, then it does create a question for a jury. If such testimony is not admissible under the facts, then the trial court committed error in admitting same in evidence. Since there is no testimony in the record showing that the radios purchased by the defendants were ever inspected, examined or tested, evidence of comparison cannot be offered to support the defendant's theory in this case. If these radios had been inspected and found defective in reception or otherwise, then there could be no question but that evidence of comparison of similar defects could have been offered by the defense, but until some defect in the radios has been established, comparison evidence is not admissible, and we are unable to agree that such testimony was admissible under the pleadings and record in this case, and the trial court should have rejected such testimony of defendants; therefore, this case is reversed, with instructions to the trial court to proceed with the disposition of the case in accordance with the views expressed herein.

The Supreme Court acknowledges the aid of District Judge Porter Newman, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by this court.